LYONS, JUDGE:
Claimant seeks $13,500.00 allegedly due from respondent pursuant to an indemnity clause in a contract between claimant and respondent. The contract provided for bus services in Monongalia County. One of claimant’s employees failed to enroll one of the bus drivers for life insurance coverage. When the driver died, his heirs instituted a suit in the Circuit Court of Monongalia County to recover the amount of the benefits. The parties settled the claim for $13,500.00, the amount claimant now seeks to recover from respondent.
The indemnity clause states, in pertinent part:
“21. Indemnity. Grantor [respondent] agrees to indemnify the Commission any and all liability, loss or damage the Commission may suffer as a result of claims, demands, costs, or judgements against it arising, in any manner from the operation of this contract whether the liability, loss, or damage is caused by, or arises out of, the negligence of the commission or of its officers, agents, employees, or otherwise.”
The respondent argues that the indemnity provision violates Article X, Section VI of the Constitution of West Virginia. This section provides in part that:
“The credit of the State shall not be granted to, or in aid of any county, city, township, corporation or person; nor shall the State ever assume, or become responsible for the debts or liabilities of any county, city, township, corporation or person; ...”
Respondent cites in support of its argument the case of State ex rel. B & O Railroad Co. v. Sims, 132 W.Va. 13, 53 S.E. 2d 505 (1948). In that case, the title to property became vested with the State. Previously, the property was the subject of a contract between two private corporations and contained an indemnity clause. This provision was binding on the successors and assigns of the parties. The W. Va. State Court held that the indemnity provision could not be the basis of an *142 appropriation of public funds, as that would violate the above-cited section of the Constitution. The Court states, in dicta, that:
“We assume that no one will contend that an official of the State, even with legislative authority, could legally enter into such a contract of indemnity, for the Constitution says: ‘*** nor shall the State ever assume, or become responsible for the debts or liabilities on any county, city, township, corporation or person***.’ ”
This Court finds that even though the respondent entered into this contract which contained an indemnity clause, and did so with the approval of the Attorney General’s office, the indemnity provision is null and void. The claim must, therefore, be denied.
Claim disallowed.